IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SARAH LIEBERENZ, Individually and as personal          :
Representative of THE ESTATE OF JACKSON MAES,           :
deceased                                               :

                PLAINTIFF,          :

    VS.                                                :          Case No. 1:21-CV-00628

BOARD OF COUNTY COMMISSIONERS OF THE                   :
COUNTY OF SAGUACHE, COLORADO, in its official          :
Capacity; SAGUACHE COUNTY SHERIFF OF                   :
SAGUACHE, a governmental entity; DAN WARWICK,          :
SHERIFF OF SAGUACHE COUNTY, in his official            :
Capacity; KENNETH WILSON, in his individual capacity;  :
ELKE WELLS, in her individual capacity; MIGUEL         :
MACIAS, in his individual capacity; and SHELBY         :
SHIELDS, in her individual capacity,                   :

                DEFENDANTS.          :

## Expert Report of David A. Caruso

## QUALIFICATIONS

1. My name is David Caruso and I have been actively involved in correctional and jail practices since 1981. I was an active correctional professional for twenty-eight years. In the final year of my active career and since my retirement in September of 2008, I have been involved in correctional/jail practices as a private consultant regarding correctional and jail issues.

2. My education includes a Bachelor of Science Degree in the Administration of Justice from Salve Regina University in Newport, Rhode Island; a Graduate Certificate in

Page **1** of **12**

Exhibit 11

35. Mr. Maes was then placed in Cell #1. (Colorado Bureau of Investigations, Video).

36. A short time after being placed into Cell #1, Mr. Maes began to bang his head against the shower/toilet enclosure. There was no trauma to the head. Deputy Macias redirected Mr. Maes' attention to stop him from banging his head. It was at this time Mr. Maes made the off handed comment that he may as well kill himself. (Video) (Coroner's Report).

37. A decision was made to call the mental health provider, there was no answer.

38. The shower/toilet enclosure had a sheet that would provide some reasonable semblance of privacy and would also meet a Basic Prison Rape Elimination Act (P.R.E.) requirement. (Video), (Colorado Bureau of Investigation Report).

39. Mr. Maes tears the privacy sheet from the shower/toilet enclosure. (Video).

40. Deputy Macias repeatedly asked Mr. Maes to stop banging his head against the shower/toilet partition to prevent Mr. Maes from potentially harming himself. (Standard Correctional Practice), (Video), (Colorado Bureau of Investigation Report).

41. Deputy Macias engages Mr. Maes in general conversation and small talk in an effort to divert Mr. Maes' attention to another subject. (Video), (Standard Correctional Practices).

42. Deputy Macias explains to Mr. Maes that if he receives juice and crackers to help sober him up will he stop banging his head and lie down and try to get some sleep. Mr. Maes agrees to this verbal agreement. (Video), (Colorado Bureau of Investigation Report).

52. Based upon my education, experience and training it is my opinion, to a reasonable degree of professional certainty that based on the materials reviewed that the conduct of the Saguache County Jail Staff was not a contributing cause of Mr. Maes' voluntarily hanging himself.

53. Based upon my education, experience and training it is my opinion, to a reasonable degree of professional certainty that after reviewing the facts in this case Mr. Maes' death was not the result of any action or inaction by the Saguache County Jail Staff.

54. At this stage of my review, I do not know if I will be asked to review additional documents. Should I be asked to review additional documents, I will be prepared to render additional opinions or supplement the opinions stated within this report.

55. The current point of development of this case, I do not know whether I will be using any demonstrative aids during my testimony. Should I decide to use any such tool I will ensure that they are made available for review, if requested, prior to their use.

56. My fees for these professional services are outlined in the attached retainer agreement. This report is signed under penalty of perjury on this 15th day of February 2022 in Cranston, Rhode Island.

DAVID A. CARUSO