**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00628-NYW-NRN

SARAH LIEBERENZ, as Personal
Representative of THE ESTATE OF JACKSON MAES,
deceased,

    Plaintiff,
v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SAGUACHE,
COLORADO, in its official capacity;
SAGUACHE COUNTY SHERIFF'S OFFICE, a governmental entity;
DAN WARWICK, SHERIFF OF SAGUACHE COUNTY, in his official capacity;
KENNETH WILSON, in his individual capacity; and
MIGUEL MACIAS, in his individual capacity.

    Defendants.

---

**[PROPOSED] FINAL PRETRIAL ORDER**

---

**1. DATE AND APPEARANCES**

The date of the Final Pretrial Conference is January 31, 2025, at 10:00 a.m. before U.S. District Court Judge Nina Y. Wang, in Courtroom A-902, Arraj Courthouse.

<u>Appearing for the Plaintiff, Sarah Lieberenz</u>:

  Sean M. Dormer, Esq.
  Timothy M. Garvey, Esq.
  Amy N. Rogers, Esq.
  Dormer Harpring, LLC
  3457 Ringsby Court, Unit 110
  Denver, CO 80216
  Telephone: (303) 756-3812
  Email: smd@denvertrial.com
        tmg@denvertrial.com

5

anr@denvertrial.com

J. Spencer Bryan, Colo. Atty. Reg. 51933
Bryan & Terrill
333 West Hampden, Suite 420B
Englewood, CO 80110
Telephone: (720) 923-2333
Email: jsbryan@bryanterrill.com

Appearing for the Defendants Board of County Commissioners of the County of Saguache; Saguache County Sheriff's Office; Dan Warwick; and Kenneth Wilson:

Nicholas C. Poppe, Esq. and/or
Marni Nathan Kloster, Esq.
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237
Telephone: (303) 691-3737
Email: npoppe@ndm-law.com
         mkloster@ndm-law.com

James D. Murdock, II, Esq.
John T. Osgood, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
Telephone: (303) 551-6660
Email: jmurdock@talawfirm.com
         josgood@talawfirm.com

Appearing for Defendant Miguel Macias:

Andrew R. McLetchie, Esq.
Eden R. Rolland, Esq.
Rachel L. Bradley, Esq.
Fowler, Schimberg, Flanagan & McLetchie, P.C.
350 Indiana Street, Suite 850
Golden, CO 80401
Telephone: (303) 298-8603
Email: A_mcletchie@fsf-law.com
         E_rolland@fsf-law.com
         R_Bradley@fsf-law.com

**2. JURISDICTION**

6

Under 28 U.S.C. § 1331, this Court has federal question jurisdiction over the causes of action brought pursuant to 42 U.S.C. § 1983.

### 3. CLAIMS AND DEFENSES

a.     Plaintiffs: On November 16, 2019, a 27-year-old African American man named Jackson Maes died alone in a cell at the Saguache County Jail. Jackson made multiple cries for help that night, telling the Defendants repeatedly that he was suicidal. But the Defendants never gave Jackson the medical care or supervision he needed to survive the night, despite knowing that Jackson was not free to leave to help himself.

Deputy Wells arrested Jackson outside the Ute Theater, a few blocks from the Saguache County Jail. That night, Jackson told Deputy Wells he was feeling suicidal. But, Deputy Wells falsely classified Jackson as "combative," which allowed her to avoid a 120-mile round trip journey to a medical detox facility in Alamosa and take him on a three-minute drive to the Saguache County Jail, instead.

There at the Saguache County Jail, Deputy Wells, along with Defendant Macias and Defendant Wilson, placed Jackson in a cell—alone. And, despite knowing Jackson was suicidal, the Defendants chose to not place him in a suicide-protection cell. Instead, the Defendants placed Jackson in a cell with exposed bars and a long privacy curtain hanging in front of the toilet. Worse yet, the cell the Defendants chose to place Jackson in was the same cell in which another inmate had hung himself several years prior, from the same bars, using the same privacy curtain.

Soon after the Defendants placed Jackson in this cell, he began repeatedly and forcefully banging his head against a metal wall, over, and over, and over. When Deputy

7

Wells, Defendants Wilson, and Macias returned, Jackson told them all he was "trying to kill [him]self right [then]." As Defendant Wilson left the cell he exclaimed that something more needed to be done while not doing anything to address Jackson's suicidal ideation.

Deputy Wells got on a phone call with her supervising road deputy. She claims the two of them discussed the need to tell SCJ staff to put Jackson on suicide watch. She claims she relayed this instruction to Defendant Wilson. Deputy Wells' call with her supervisor was recorded and reviewed after the incident by Defendant Wilson, and despite purposefully saving multiple other recorded calls related to Jackson, Defendant Wilson did not save the recoding of this call and allowed its destruction.

Detention Deputy Shields called a local mental health provider, but claims she did not know why the call was made. She claims she reached an after-hours recording and did not leave a message, page an on-call provider, or hang up and call an ambulance. This call was recorded, and it was also not saved from destruction.

All of the individual Defendants quickly lost interest in Jackson's emergency medical needs in favor of other activities—like socializing. And, while jail staff socialized in the dispatch room or socialized with lower-needs inmates in the next block over, Jackson succumbed to his illness and perished around 10:30 p.m. or perhaps later. For up to eight-and-a-half hours, Jackson laid lifeless in his Saguache County Jail cell, until he was found the next morning—even though Defendant Macias recorded doing phantom cell checks for Jackson's cell that never happened.

The unlawful conditions at the Saguache County Jail were caused by years of chronic underfunding, inadequate training, and mismanagement of the Saguache County

Jail by the county's elected officials. For years prior to Jackson's death, the elected officials had a choice: "[t]he County could pay on the front end to protect the constitutional rights of inmates by building a new jail, or the County could pay on the back end by satisfying judgments in meritorious civil rights actions based on unconstitutional conditions at the Jail." *Winton v. Bd. of Comm'rs*, 88 F. Supp. 2d 1247, 1268 (N.D. Okla. 2000). The elected officials in Saguache County chose the latter.

This is an action under Title 42, Section 1983 of the United States Code for violations of the Fourteenth Amendment to the United States Constitution alleging inadequate conditions of confinement, inadequate funding and supervision, inadequate training, and deliberate indifference exhibited by Saguache County, its elected officials, and employees, towards the substantial risk of serious harm confronting pretrial detainees who are highly intoxicated and expressing acute suicidal ideations during the intake process at the Saguache County Jail.

Sarah Lieberenz is Jackson's mother and Personal Representative of the Estate. She has brought the Estate's direct claims on its behalf. **Plaintiff confirms waiver of Claim 11 for Negligent Jail Operations, and accordingly, this Court DISMISSES Claim 11 with prejudice**.

County Defendants: The County Defendants continue to deny liability for Plaintiffs' claims. At no time did Mr. Maes' statements or actions exhibit an acute suicidal ideation that would have put any of the County Defendants on notice that he presented a risk to himself. In fact, Mr. Maes engaged in speech and conduct inconsistent with suicidal tendencies, including inquiring when he would be released, seeking guidance on the

9

process of bonding out, and accepting food and drink from a deputy. Plaintiffs' factual and legal theories underpinning its *Monell* claims have not been borne out by the evidence in discovery. As set forth in the County Defendants' Motion for Summary Judgment, Plaintiffs either lack sufficient evidence to show liability under the relevant federal claims or have not established causation between alleged acts and omissions of the County and Plaintiffs' alleged injuries.

With respect to individual liability, Plaintiffs have made a fatal error in failing to demonstrate that the law was clearly established. Instead of presenting binding precedent that is on all fours with the facts of this case, Plaintiffs cited not a single case discussing the contours of any federal right in the context of a jail suicide. In overturning the denial of a summary judgment motion, the Tenth Circuit just repeated again in September 2022 that clearly established law cannot be established at a high level of generality. *Lewis v. City of Edmond*, 48 F.4th 1193 (10th Cir. 2022). Thus, the individual capacity claims against the individual County Defendants should be dismissed.

The County Defendants incorporate herein the affirmative defenses previously alleged.

b. Defendant Macias: Defendant Miguel Macias denies liability for Plaintiffs' claims, particularly including Plaintiffs' claim of "42 U.S.C. § 1983 Individual Liability" asserted against him in his individual capacity (Plaintiffs' Claim No. 8). Mr. Macias was an entry-level deputy who had been employed at the Saguache County Jail for less than a year when he encountered Mr. Maes for the first time after Mr. Maes was brought to the Jail following arrest on an outstanding warrant for a failure to appear. At no time did Mr. Maes' statements and actions exhibit an acute suicidal ideation that would have put Mr.

Macias on notice that Mr. Maes presented a serious risk of suicide, nor did Mr. Macias

Case No. 1:21-cv-00628-NYW-NRN   Document 266   filed 02/03/25   USDC Colorado
pg 7 of 19

ever in fact infer that a risk of suicide existed. Mr. Macias responded to Mr. Maes's actions and conduct reasonably and appropriately, and Mr. Macias at all times treated Mr. Maes with care, courtesy, and concern. Mr. Macias observed Mr. Maes speak and act in ways that to Mr. Macias's understanding never suggested a risk of suicide. Such speech and actions include Mr. Maes inquiring when he would be released, seeking guidance on the process of bonding out, interacting and talking in a light-hearted manner, and accepting food and drink from Mr. Macias. In a reasonable and good faith understanding of the situation, Mr. Macias subjectively construed Mr. Maes's drunken statements referring to suicide as the fleeting and non-threatening utterances of an intoxicated individual. Mr. Macias responded to Mr. Maes's questions and needs, and then attended to other inmates and responsibilities in other parts of the Jail. At no time did Mr. Macias ever consciously disregard or act with deliberate indifference toward a known or obvious risk of suicide.

Plaintiffs lack evidence of deliberately indifferent actions by Mr. Macias or the requisite state of mind. Moreover, Mr. Macias is clothed with qualified immunity, which Plaintiffs cannot overcome with respect to both prongs of the qualified immunity analysis. Plaintiffs lack the evidence to demonstrate that Mr. Macias committed a constitutional violation of Mr. Maes's rights, or that Mr. Maes's rights were clearly established with proper consideration given to all the relevant and material facts and circumstances that Mr. Macias faced. Such circumstances include, but are not limited to, the events and exigencies occurring in the Jail on November 16, 2019, the presence of chain of command

staff, and the appropriate level of Mr. Macias's law enforcement experience and training. Plaintiff's claim of individual liability asserted against Mr. Macias should be dismissed.

Furthermore, the evidence fails to show that Mr. Macias's conduct was ever at any time motivated by evil motive or intent or involved reckless or callous indifference to Mr. Maes's federally protected constitutional rights. To the contrary, the evidence shows Mr. Macias being responsive, reasonable, and caring toward Mr. Maes and his condition. There is no evidentiary basis for submitting a question of punitive damages for Mr. Macias's conduct to the jury.

Defendant Macias also incorporates herein the affirmative defenses previously pled.

## 4. STIPULATIONS

1. Jackson Maes was 27 years old at the time of his death.

2. Jackson Maes died at the Saguache County Jail.

3. Jackson Maes was a pretrial detainee in the custody of Saguache County at the time of his death.

4. All Defendants were acting under color and authority of state law at all times relevant to the issues presented.

5. Defendants Miguel Macias and Kenneth Wilson were employees of the Saguache County Sheriff's Office at all times relevant to the issues presented.

6. Dan Warwick was the Sheriff of Saguache County at all times relevant to the issues presented.

7. Dan Warwick is a final policymaker over operations at the Saguache County

Jail.

8. Defendant Board of County Commissioners of Saguache County allocates resources for all county programs, including funding for jail staff and jail operations and a physical plant for holding inmates.

## 5. PENDING MOTIONS

Motions *in Limine*, Docs. 236 and 237, respectively (responses at Docs. 240 and 241).

## 6. WITNESSES

Per Paragraph 3 of the Court's Trial Preparation Order (Doc. 234, filed July 26, 2024) ("TPO"), the Parties have each attached their respective Witness Lists, using the form specified by the TPO.

## 7. EXHIBITS

a. Per Paragraph 3 of the TPO, the Parties have attached a Joint Exhibit List, sequentially numbered with no designation as to which party seeks to offer the exhibit, using the form specified by the TPO. Counsel for the Parties continue to work together but need additional time to complete conferral on stipulations to authenticity/admissibility of as many exhibits as possible. The parties are filing a motion for a brief extension of time to file a Stipulated Exhibit List on or before Thursday, January 30, 2025.

b. Per Paragraph 8 of the TPO, the Parties have exchanged copies of listed exhibits in conjunction with the creation of a joint exhibits notebook. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days from the date of this Order.

c. The parties reserve the right to alter these lists no later than 30 days before trial. To the extent additional exhibits are added via an altered list, copies of said additional exhibits shall be provided contemporaneously with the new list. The objections to additional exhibits contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days from the date of their addition.

Exhibits intended to be used solely for impeachment need not be disclosed in advance of their use.

d. Demonstrative exhibits will be prepared by witnesses shortly before trial. Demonstratives will be exchanged to opposing counsel 14 days before the start of trial.

## 8.  DISCOVERY

Discovery has been completed. **The Parties will meet and confer about the discovery issue regarding the closing of the Saguache County jail and contact the chambers of Magistrate Judge N. Reid Neureiter no later than February 10, 2025 if an issue remains. Judge Neureiter has the discretion to determine whether any such issue should be decided by him or by the trial court.**

## 9.  SPECIAL ISSUES

The parties would like to ask the Court about its practices and positions regarding use of a written questionnaire to help streamline jury selection and ask sensitive questions in a more private way than open court.

## 10. SETTLEMENT

15

a. Mediation with Sanford M. Brook was held on October 15, 2021.

b. The participants in the mediation, included counsel, party representatives, and any *pro se* party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties also participated in the Tenth Circuit's mediation. program prior to the appellate decision being issued, but without success.

e. In December 2024, settlement was discussed informally among counsel and the parties, without success.

f. From Plaintiff's counsel's perspective, it appears from the discussion by all counsel that there is no possibility of settlement. Counsel for Mr. Macias believes that a court-ordered settlement conference with the assigned Magistrate Judge would be in the best interest of all of the parties and that a third-party neutral could be successful in resolving the case. The mediation that occurred pre-suit occurred nearly three and half years ago and before discovery. The costs of attending such a settlement conference pale in comparison to the cost of trial preparation and trial.

g. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

**The Parties are referred to Judge Neureiter for evaluation as to whether a formal Settlement Conference would be appropriate. The Parties will contact the Chambers of Judge Neureiter no later than February 10, 2025.**

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against

16

whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made

to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial of this matter is to a jury.

2. The parties agree that a trial of 8 days is likely to be sufficient. Counsel for Defendants believe trial should be completed in 5 days.

3. <u>Plaintiff's Position</u>: Plaintiff contends the situs of trial should be Courtroom A 502 in the U.S. District Court in Denver.

<u>Defendants' Position</u>: Defendants allege the situs of the trial should be the Federal District Courthouse in Colorado Springs in light of the fact that all individual Defendants, as well as various witnesses, reside in or near Saguache County and a number of individuals are in law enforcement in Saguache County. Defendants would like to discuss the practicalities of this issue with the Court.

<u>Plaintiff's Rationale</u>: Plaintiff submits that Defendants have filed no motion to transfer this case to a different division, nor could they meet their burden of proof to do so. *See*, *e.g.*, *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095 (D. Colo. 2006). Most importantly, Ms. Lieberenz chose the Denver division and lives in Denver. Second, multiple witnesses live in the Denver area, including at least two expert witnesses. For out-of-state expert witnesses, Denver is a more convenient work travel destination than Colorado Springs. Third, Counsel all appear to office in the Denver area. Plaintiff's lead counsel, at least, live and work in Denver. Holding trial in Colorado Springs would require lodging and extended time away from family

18

(which, for Mr. Bryan and Mr. Dormer, would interfere with significant parenting responsibilities that should not be placed without good reason on spouses who also have their own important careers). Fourth, Colorado Springs is convenient for no one; for the witnesses located in the San Luis Valley, the difference between driving to Colorado Springs and driving to Denver is only about 30 minutes and 30 miles, and no known witnesses live in Colorado Springs. Defendants instead appear to seek a different jury pool that they believe tends to render smaller verdicts, more often in favor of civil defendants. While Mr. Maes lived in Crestone when he died, he had moved there recently and had spent most of his life in Denver.

Defendants' Rationale: Defendants respectfully submit that the factors set forth in 28 U.S.C. § 1404(a) as interpreted by *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095 (D. Colo. 2006) favor the situs of the trial being the Federal District Courthouse in Colorado Springs. A significant factor in evaluating a situs transfer request under Section 1404(a) is location's connection to the plaintiff. Here, as noted in *Dworkin v. Hustler Magazine, Inc.*, 647 F. Supp. 1278 (D. Wyo. 1986), Denver's "connection to the case is obscure" (*id.* at 1281) beyond Ms. Lieberenz's decision to file her case in Denver, ostensibly seeking a more liberal jury pool.

Ms. Lieberenz is pursuing claims solely as personal representative of The Estate of Jackson Maes, who lived in Crestone, Colorado, a sub-district connected to Colorado Springs, not Denver. Ms. Lieberenz's claims asserted in her individual capacity have been dismissed. (*See* Doc. 242, filed Jan. 6, 2025, at 45 (ruling that "Ms. Lieberenz is DISMISSED from this action in her indiocdual capacity.")). Following the dismissal of Ms.

19

Lieberenz in her individual capacity, all relevant parties reside or resided in the sub-district connected to Colorado Springs, and there is no connection to Denver by any party to the suit. Overall, as noted in *Four Corners*, here "the 'interest of justice' component of 28 U.S.C. § 1404 favors having **a regional jury within the district** decide matters based on events arising within that region." 464 F. Supp. at 1100.

**Trial will be conducted in Courtroom A-902 of the Alfred A. Arraj Courthouse located at 901 19th Street, Denver, Colorado 80294.**

    4.    Other pertinent to the trial proceedings: None.

DATED this ~~24th~~ 3d day of ~~January~~February, 2025.

BY THE COURT

_____
Nina Y. Wang
United States District Court Judge

APPROVED:

*Attorneys for Plaintiff Sarah Lieberenz:*

/s/ Sean M. Dormer
Sean M. Dormer, #44962
Timothy M. Garvey, #52668
Amy N. Rogers, #49266
Dormer Harpring, LLC
3457 Ringsby Court, Unit 110
Denver, CO 80246
(303) 756-3812
smdh@denvertrial.com
tmg@denvertrial.com
anr@denvertrial.com

/s/ J. Spencer Bryan
J. Spencer Bryan, #51933
Bryan & Terrill
333 W. Hampden, Suite 420B
Englewood, CO 80110
(720) 923-2333
jsbryan@bryanterrill.com

*Attorneys for Defendants Board of County Commissioners of the County of Saguache; Saguache County Sheriff's Office; Dan Warwick; and Kenneth Wilson:*

/s/ Marni Nathan Kloster
Nicholas C. Poppe, Esq.
Marni Nathan Kloster, Esq.
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237
(303) 691-3737
npoppe@ndm-law.com
mkloster@ndm-law.com

/s/ John T. Osgood
James D. Murdock, II,
John T. Osgood
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
(303) 551-6660
jmurdock@talawfirm.com
josgood@talawfirm.com

*Attorneys for Defendant Miguel Macias:*

/s/ Andrew R. McLetchie
Andrew R. McLetchie, Esq.
Eden R. Rolland, Esq.
Fowler, Schimberg, Flanagan & McLetchie, P.C.
350 Indiana Street, Suite 850
Golden, CO 80401
(303) 298-8603
A_mcletchie@fsf-law.com
E_rolland@fsf-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of January, 2025, a true and correct copy of the foregoing was served on the following, by electronic filing using the CM/ECF filing system which will send a copy to the following email addresses:

Nicholas C. Poppe, Esq.
Marni Nathan Kloster, Esq.
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237
(303) 691-3737
npoppe@ndm-law.com
mkloster@ndm-law.com
*Attorneys for Defendants Board of County Commissioners of the County of Saguache; Saguache County Sheriff's Office; Dan Warwick; Kenneth Wilson; and Shelby Shields*

Leslie L. Schluter, Esq.
Dagner Schluter Mitzner Werber, LLC
8400 E. Prentice, Suite 1401
Greenwood Village, CO 80111
(303) 221-4661
lschluter@lawincolorado.com
*Attorneys for Defendant Elke Wells*

Andrew R. McLetchie, Esq.
Eden R. Rolland, Esq.
Rachel L. Bradley
Fowler, Schimberg, Flanagan & McLetchie, P.C.
350 Indiana Street, Suite 850
Golden, CO 80401
(303) 298-8603
A_mcletchie@fsf-law.com
E_rolland@fsf-law.com
R_Bradley@fsf-law.com
*Attorneys for Defendant Miguel Macias*

James D. Murdock, II, Esq.
John T. Osgood, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
(303) 551-6660
jmurdock@talawfirm.com

josgood@talawfirm.com
*C-Counsel for Defendants Board of County Commissioners of the County of Saguache; Saguache County Sheriff's Office; Dan Warwick; Kenneth Wilson; and Shelby Shields*

/s/ Ella K. Nelson
Ella K. Nelson, Legal Assistant