AO 133 (Rev. 12/09)
Local USDC Colo. version
rev. May 2024

# BILL OF COSTS

| United States District Court | DISTRICT OF COLORADO |
|---|---|
| Sarah Lieberenz, as Personal Rep. of Estate of J. Maes | DOCKET NO. |
| v. Bd. of Cnty. Comm'rs of Cnty. of Saguache, et al. | CASE NO. 21-cv-00628-NYW-NRN |

Judgment having been entered in the above-titled action on 4/11/2025 [ECF #330] (date) against Plaintiff Sarah Lieberenz, as Personal Representative of Estate, on Claim 1 (party), the Clerk is requested to fax the following as Costs:

| Is this cost disputed? | | |
|---|---|---|
| | Fees of the Clerk | $ 0.00 |
| | Fees for service of summons and complaint | $ 0.00 |
| | Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $ 665.55 |
| | Fees and disbursements for printing | $ 0.00 |
| | Fees for witnesses (itemized on next page) | $ 0.00 |
| | Fees for exemplification and copies of papers necessarily obtained for use in the case | $ 14,724.27 |
| | Docket fees under 28 U.S.C. § 1923 | $ 20.00 |
| | Costs incident to taking of depositions | $ 0.00 |
| | Costs as reflected on mandate of Court of Appeals | $ 0.00 |
| | Other costs (itemized) | $ 0.00 |
| | TOTAL | $ 15,409.82 |

*Please review and comply with D.C.COLO.LCivR 54.1 as indicated in* Notice *on following page.*

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL. 30, 2025
JEFFREY P. COLWELL, CLERK

## DECLARATION

I do hereby declare, under penalty of perjury, that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.
A copy hereof has been served on non-prevailing parties in the following manner:

Signature of Attorney for Prevailing Party  /s/ Eden R. Rolland
                                            /s/ Andrew R. McLetchie

Name of Claiming Party   (Defendant) Miguel Macias

Name of Attorney   Eden Rolland
                   Andrew R. McLetchie

Date  5/9/2025

| PARTY'S REQUEST FOR HEARING | --- For Clerk's Office use only --- |
|---|---|
| Following conferral on May 6, 2025 (date), several costs remain in dispute. The parties therefore request that a hearing be scheduled to address these costs. The following dates, occurring at least **28** days from today, are mutually agreeable to both parties.<br><br>*Available hearing days are **Tuesdays**, **Wednesdays**, and **Fridays** between the hours of **8:30 – 9:30 am**.*<br><br>Option #1 June 11, 2025, 8:30-9:30 a.m.<br>Option #2 June 17, 2025, 8:30-9:30 a.m.<br>Option #3 June 24, 2025, 8:30-9:30 a.m. | Costs are hereby taxed in the following amount and are to be considered part of the judgment.<br><br>Costs taxed: $ **$15,409.82**<br><br>By: **s/Ashley V. Sheehan**<br>Deputy Clerk<br>on behalf of Jeffrey P. Colwell, Clerk of Court<br><br>Date: **JUL. 30, 2025** |

**COSTS TAXED by Clerk in the amount of $15,409.82 against Plaintiff Lieberenz and in favor of Defendant Macias.**

**Defendant Miguel Macias's Bill of Costs**
*Lieberenz v. Board of Saguache County, et al.*
Civil Action No. 21-cv-00628-NYW-NRN

| | FileID | Date | EmpID | BilledAmt | Narrative | Bill Nbr | Bill Date |
|---|---|---|---|---|---|---|---|
| **Taxable Costs** | | | | | | | |
| **Fees of the Clerk** | | | | | | | |
| 1. | | N/A | | $0.00 | | | |
| | | | | | | | |
| **Fees for Service of Summons and Complaint** | | | | | | | |
| 1. | | | | $0.00 | | | |
| | | | | | | | |
| **Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.** | | | | | | | |
| 1. | MAC/LIE | 4/14/2025 | E115 | $ 665.55 | Darlene Martinez; 04.01.25 & 04.02.25 Realtime Transcript | | |
| | | | | | Real-Time Transcripts of trial testimony of client Miguel Macias and Defendant Ken Wilson (Macias's supervisor). Such transcripts were necessarily obtained for use in the case. *See U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223 (10th Cir. 1988). It was essential to review the trial testimonies of these two witnesses for purposes of preparing and presenting a Rule 50(a) Motion for Judgment as a Matter of Law at the close of Plaintiff's case in chief, as well as for closing arguments. Excerpts from Mr. Macias's testimony were in fact used in presenting an oral Rule 50(a) motion. Excerpts from Mr. Wilson's testimony was consulted and relied upon (if not also explicitly cited) in presenting the Rule 50(a) motion. Therefore, the cost of these transcripts are taxable and should be awarded. *See Baker v. Echostar Communs. Corp.*, 2008 U.S. Dist. LEXIS 104425 at *2-*4, 2008 WL 5216794 (D. Colo. Dec. 11, 2008) (district court denied motion to review the clerk's award of the cost of trial transcripts for three of the ten trial days, where the defendants' Rule 50 motion cited testimony from those three days).

The transcripts of Mr. Macias's and Mr. Wilson's testimonies were not obtained merely for summary purposes or counsel's convenience. Rather, understanding the testimonies of these two witnesses with exact precision and accuracy was essential to presenting the Rule 50(a) Motion. While Defense counsel were diligently taking notes during the testimonies, such notes cannot substitute for nor accurately represent the witnesses's exact testimonies as the Realtime transcripts can. Moreover, counsel did not obtain all daily realtime transcripts as a matter of course, but chose to only obtain the transcripts of particular witness testimonies that were necessary. The fact that these transcripts were "actually used" during trial for Rule 50 motions and closing arguments shows that they were necessarily obtained, and the costs for these transcripts should therefore be allowed. *See Touche Ross & Co.*, 854 F.2d at 1246 ("The most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court") (citations omitted). The costs of these transcripts may still be taxable even if they are deemed as not "strictly essential," as their use was reasonably necessary during trial at the time the costs were incurred. *See Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987); *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). | | |
| | | | | **AWARDED** | | | |
| | | | | | | | |
| **Fees and disbursements for printing [For required assembly and packaging for transmitting briefing and record on appeal]** | | | | | | | |
| 1. | | N/A | | $0.00 | | | |
| | | | | | | | |
| **Fees for witnesses** | | | | | | | |
| 1. | | N/A | | $0.00 | | | |

Defendant Miguel Macias's Bill of Costs
*Lieberenz v. Board of Saguache County, et al.*
Civil Action No. 21-cv-00628-NYW-NRN

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Fees for exemplification and copies of papers necessarily obtained for use in the case** | | | | | | | | |
| 1. | MAC/LIE | 1/3/2023 | E101 | $ | 3.52 **AWARDED** | Copy (Grayscale) - copies made around the time of briefing of Defendants' Reply supporting Motion to Strike Plaintiff's Untimely Expert Affidavits, and briefing relating to Court's Show Cause Order re: Plaintiff's claims as an individual. Copies were reasonably necessary for use in the case. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 144, 1149 (10th Cir. 2009); *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1259 (10th Cir. 1998) (counsel need not justify each copy he or she makes; the burden to justify copies is not high). This copying cost was recorded using "Paper Cut" software installed onto the law firm's copy machine and entering client codes for a particular copy/print job. The copy/print jobs and associated costs were then maintained on Excel spreadsheets. | 31982 | 2/6/2023 |
| 2. | MAC/LIE | 3/7/2023 | E101 | $ | 26.32 **AWARDED** | Copy (Color) - copies made around the time of Mr. Wilson's notice of appeal and preparation for Pretrial Conference in which case status discussed and case administratively closed pending outcome of appeal. Copies were reasonably necessary for use in the case. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 144, 1149 (10th Cir. 2009); *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1259 (10th Cir. 1998) (counsel need not justify each copy he or she makes; the burden to justify copies is not high). This copying cost was recorded using "Paper Cut" software installed onto the law firm's copy machine and entering client codes for a particular copy/print job. The copy/print jobs and associated costs were then maintained on Excel spreadsheets. | 32119 | 4/17/2023 |
| 3. | MAC/LIE | 3/7/2023 | E101 | $ | 2.00 **AWARDED** | Copy (Grayscale) - copies made around the time of Mr. Wilson's notice of appeal and preparation for Pretrial Conference in which case status discussed and case administratively closed pending outcome of appeal. Copies were reasonably necessary for use in the case. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 144, 1149 (10th Cir. 2009); *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1259 (10th Cir. 1998) (counsel need not justify each copy he or she makes; the burden to justify copies is not high). This copying cost was recorded using "Paper Cut" software installed onto the law firm's copy machine and entering client codes for a particular copy/print job. The copy/print jobs and associated costs were then maintained on Excel spreadsheets. | 32119 | 4/17/2023 |
| 4. | MAC/LIE | 3/31/2025 | E102 | $ | 2,381.12 **AWARDED** | Centurion Discovery Inc; Production of Trial Exhibit Notebooks for Trial - trial notebooks of exhibits and other materials, mirroring requirements for notebooks as set forth in the Court's Trial Preparation Order [ECF #234], were reasonably necessary for use at trial and were in fact used at trial. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1259 (10th Cir. 1998) ("use [of materials] at trial by counsel or the court readily demonstrates necessity") (citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988)). | 33951 | 4/11/2025 |

**Defendant Miguel Macias's Bill of Costs**
*Lieberenz v. Board of Saguache County, et al.*
Civil Action No. 21-cv-00628-NYW-NRN

| | | | | | |
|---|---|---|---|---|---|
| 5. | MAC/LIE | 4/17/2025 | $12,311.31 | Demonstrative Exhibits costs. Defendant's anticipated use of demonstrative exhibits was discussed at the Pretrial Conference without objection. It was also referenced in the Pretrial Order [ECF #266], at p. 15, and the Joint Exhibit List [ECF #267], listed as Ex249. Defense used a 3D model of Saguache County Jail and a true-to-size replica of the control room monitor screens as demonstrative exhibits at trial. The demonstrative exhibits aided the understanding of the jury, the parties, and the Court with respect to, *e.g.* layout of the Jail, spatial relationships and sizes of spaces, the size of monitor screens, and who was located where and when. Such costs are taxable. *See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997); Bd. of Cnty. Comm;rs of La Plata v. Brown Group Retail, Inc., 2021 U.S. Dist. LEXIS 22652 at *6-7 (D. Colo. 2012) (awarding costs for demonstrative exhibits where supporting invoice was provided); *Wade v. Union Pac. R.R. Co.*, 2014 U.S. Dist. LEXIS 65527 at *13-14 (D. Colo. 2014) (section 1920's allowance of costs for exemplification and copies "can be read broadly to include demonstrative exhibits"); *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo.*, on Nov. 15, 1987, 88-cv-00664-SGF, 1989 WL 259995 (D. Colo. July 24, 1989). **AWARDED** | |

**Docket fees under 28 U.S.C. § 1923**

| | | | | | |
|---|---|---|---|---|---|
| 1. | | | $20.00 | 28 U.S.C. 1923(a) - Attorney docket fee - $20 on trials in civil cases. **AWARDED** | |

**Costs incident to taking of depositions**

| | | | | | |
|---|---|---|---|---|---|
| 1. | | N/A | $0.00 | | |

**Costs as reflected on mandate of Court of Appeals**

| | | | | | |
|---|---|---|---|---|---|
| 1. | | N/A | $0.00 | | |

**Other costs (itemized)**

| | | | | | |
|---|---|---|---|---|---|
| 1. | | | $0.00 | | |

**Total Taxable Costs:**  $ 15,409.82   **AWARDED**

3