**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00628-NYW-NRN

SARAH LIEBERENZ, as Personal
Representative of THE ESTATE OF JACKSON MAES,
deceased,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SAGUACHE,
COLORADO, in its official capacity;
SAGUACHE COUNTY SHERIFF'S OFFICE, a governmental entity;
DAN WARWICK, SHERIFF OF SAGUACHE COUNTY, in his official capacity;
KENNETH WILSON, in his individual capacity;
ELKE WELLS, in her individual capacity;
MIGUEL MACIAS, in his individual capacity; and
SHELBY SHIELDS, in her individual capacity,

    Defendants.

---

**Plaintiff's Reply in Support of Her Motion (Doc. 346) for Review of Clerk's
Taxation of Macias' Bill of Costs**

---

    The costs awarded to Macias would unjustly shift financial burdens from the non-prevailing County Defendants to the prevailing Plaintiff, Sarah Lieberenz. Essentially, Macias' Response (Doc. 351) asks the Court to ignore what it witnessed throughout trial and what is shown in the parties pre-trial communications: Defendants shared use of the trial support services allegedly billed to Macias alone. At the very least, there is cause for an evidentiary hearing on Ms. Lieberenz's Motion. She supports her request for review in the following Reply:

### 1. *TruGreen* is analogous and therefore persuasive.

Macias' Response ignores much of the precedent provided by the Motion in favor of criticizing its citation of *TruGreen Companies, L.L.C. v. Mower Brothers, Inc.*, 953 F. Supp. 2d 1223, 1227 (D. Utah 2013). The Response somewhat mischaracterizes this part of Ms. Lieberenz's argument. Ms. Lieberenz does not claim that this case addressed Section1983 litigation or Rule 54 cost-shifting. It does not. But *TruGreen* is applicable here because the standard of review was the same: whether costs were actually incurred. The source of that standard (a contract, in *TruGreen*) is irrelevant because the standard under Rule 54 cost-shifting is essentially the same.

### 2. Macias' claimed costs include shared items that should at least be apportioned to the County Defendants.

Defendant Macias has claimed the entirety of the bill for demonstrative production, even though that bill was for services shared with Macias' co-defendants. The invoice that includes Defendants' demonstrative exhibit (the jail model) bills for the entirety of the Defendants' trial presentation consultant's work. (Doc. 334-3, p. 2). But as the Court witnessed throughout trial, Defendants' consultant worked for both sets of Defendants' counsel. In fact, the consultant worked primarily for the non-prevailing County Defendants' counsel, at least in terms of time spent. Likewise, the claimed demonstrative was not clearly made only for Macias's counsel, as evidenced by its storage at the County Defendants' counsel's offices. (Exhibit 1, Emails Coordinating Viewing[1]). Even if the entire

---

[1] While this exhibit was cited in the Motion, it was inadvertently omitted from the electronic filing. It is now attached here as Exhibit 1, with the undersigned's apologies. Plaintiff of course does not object to a limited surreply based on these materials, if Mr. Macias' counsel believe one is necessary.

2

bill was sent to Macias' counsel, all this would prove is that the County Defendants' carrier improperly shifted the entirety of these shared costs to Macias instead of fairly apportioning them among the various insureds.

**3. The Court's exercise of its discretion to deny Macias' costs would not punish Macias and would be consistent with the close and difficult case against him.**

Macias is, of course, correct that the rule is generally that costs should be awarded to a prevailing party. But this is a rebuttable presumption, not a foregone conclusion. The Tenth Circuit has observed without criticism that "[o]ther circuits have recognized that the indigent status of the non-prevailing party and the presentation of issues that are close and difficult are both 'circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party.'" *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004), *citing Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. 2021*, 69 F.3d 456, 459 (10th Cir. 1995); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).

Unlike in some cases, however, Macias would not be punished by denial of his costs. At worst, denying Macias his costs would punish the County Defendants' insurance carrier. But such a minimal punishment[2] would be wholly appropriate in light of two facts. First, the carrier forced Macias to trial by refusing to negotiate for his release apart from its other insureds. Second, as noted above, Macias' counsel was billed for the entirety of shared costs, which could indicate improper cost-shifting to a more sympathetic defendant.

---

[2] Macias characterizes the dispute over his costs as "a tempest in a teapot at best," and his request for costs as "small…" This characterization is adopted here.

Even if this were not true, the case against Macias was the very definition of a "close and difficult issue[]." On one hand, Macias was the official jailer in charge of Jackson Maes. Some juries (according to large-sample polling conducted by the undersigned's trial consultants) might have held Macias to have been the *only* one responsible for Jackson's death, simply by virtue of his job. Where Ms. Lieberenz raises arguments about the unique position of Section 1983 cases, she is essentially arguing a version of this point. Section 1983 cases often involve close and difficult issues. The law should not discourage people from raising them, especially where constitutional rights are concerned. The Court therefore has discretion to deny costs in these types of situations. Ms. Lieberenz asks the Court to exercise that discretion here.

WHEREFORE, Plaintiff, Sarah Lieberenz, requests that the Court GRANT her Motion (Doc. 346) for Review of Clerk's Taxation of Macias' Bill of Costs (Doc. 345), and such other relief as this Court deems proper.

RESPECTFULLY SUBMITTED at Denver, Colorado, this 8th day of September, 2025.

    /s/ Sean Dormer
Sean M. Dormer, Colo. Atty. Reg. 44962
Timothy M. Garvey, Colo. Atty. Reg. 42668
Amy N. Rogers, Colo. Atty. Reg 49266
DORMER HARPRING, LLC
3457 Ringsby Court, Unit 110
Denver, CO  80216
Telephone: (303) 756-3812
Facsimile: (303) 477-7400
E-mail:   smd@denvertrial.com
         tmg@denvertrial.com
         anr@denvertrial.com
*Attorneys for Plaintiff*

4

        /s/ signed by co-counsel
J. Spencer Bryan, Colo. Atty. Reg. 51933
Bryan & Terrill
333 West Hampden, Suite 420B
Englewood, CO 80110
Telephone: (720) 923-2333
Email:   jsbryan@bryanterrill.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on this 8th day of September, 2025, a true and correct copy of the foregoing was served on the following, by electronic filing using the CM/ECF filing system which will send a copy to the following email addresses:

Andrew R. McLetchie, Esq.
Eden R. Rolland, Esq.
Rachel L. Bradley
Fowler, Schimberg, Flanagan & McLetchie, P.C.
350 Indiana Street, Suite 850
Golden, CO 80401
(303) 298-8603
A_mcletchie@fsf-law.com
E_rolland@fsf-law.com
R_Bradley@fsf-law.com
*Attorneys for Defendant Miguel Macias*

James D. Murdock, II, Esq.
John T. Osgood, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
(303) 551-6660
jmurdock@talawfirm.com
josgood@talawfirm.com
*C-Counsel for Defendants Board of County Commissioners of the County of Saguache; Saguache County Sheriff's Office; Dan Warwick; Kenneth Wilson; and Shelby Shields*

        /s/ Brittany Freeman
        Brittany Freeman, Paralegal