**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 21-cv-00628-NYW-NRN

SARAH LIEBERENZ, as personal representative of THE ESTATE OF JACKSON MAES,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SAGUACHE, COLORADO, in its official capacity,
SAGUACHE COUNTY SHERIFF'S OFFICE,
DAN WARWICK, in his official capacity,
KENNETH WILSON, in his individual capacity, and
MIGUEL MACIAS, in his individual capacity.

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Relief from Order ("Motion for Relief" or "Motion") [Doc. 356, filed April 28, 2026].[1] Upon review of the Motion for Relief, Defendants' Response [Doc. 357], Plaintiff's Reply [Doc. 358], the entire docket, and the applicable case law, this Court respectfully **GRANTS in part** and **DENIES in part** the Motion for Relief.

---

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. ____]. When citing to docket entries in other cases, the Court uses the convention [ECF No. ___]. In both instances, the Court references the page number assigned by the ECF system.

## BACKGROUND

After the tragic suicide of her son Jackson Maes while detained in the Saguache County Jail, Plaintiff Sarah Lieberenz ("Plaintiff" or "the Estate") initiated this action on March 3, 2021 against Defendants Wilson and Macias, as well as Defendants Board of County Commissioners ("the Board"); the Saguache County Sheriff's Office ("SCSO"), and Dan Warwick, in his official capacity as Sheriff of Saguache County ("Sheriff Warwick"); Elke Wells, in her individual capacity ("Ms. Wells"); and Shelby Shields, in her individual capacity ("Ms. Shields"). [Doc. 1]. Ultimately, the Estate proceeded to trial on five of eleven causes of action: Count Two for deliberate indifference arising from inadequate funding against the Defendant Board; Count Four for deliberate indifference arising from inadequate training against Defendant Warwick in his official capacity; Count Six for supervisory liability against Defendant Wilson arising from his supervision of Defendant Macias; Count Seven for deliberate indifference against Defendant Wilson as an individual; and Count Eight for deliberate indifference against Defendant Macias as an individual.[2] [Doc. 329]. After a seven-day trial, the jury found in favor of Plaintiff on its claims of deliberate indifference against Defendant Wilson as an individual and deliberate indifference arising from inadequate training against Defendant Warwick in his official capacity;[3] (collectively with Defendant Wilson in his individual capacity, for the purposes

[2] The Counts were renumbered and denominated Claims One through Five for the purpose of trial. *See* [Doc. 329].

[3] In the Court's original ruling on attorneys' fees, it inaccurately stated that the jury found in favor of Plaintiff with respect to its deliberate indifference arising from inadequate funding against Defendant Board. [Doc. 355 at 5]. Nevertheless, this error did not, and does not, impact this Court's ruling on the amount of appropriate fees.

of this Motion, "Remaining Defendants"). [*Id.*]. Final judgment was entered on April 11, 2025. [Doc. 330].

After final judgment was entered, Plaintiff filed a Motion for Attorneys' Fees and Prejudgment Interest. [Doc. 335]. Plaintiff's Motion for Review of Costs followed on August 4, 2025, challenging the Clerk of the Court's taxation of costs in the amount of $15,409.82 against Plaintiff in favor of Defendant Macias. [Doc. 345, Doc. 346]. On March 31, 2026, the Court granted Plaintiff's Motion for Attorneys' Fees in part and denied in part, awarding the Estate $1,165,478.95 in fees with no prejudgment interest against the Remaining Defendants and denied Plaintiff's Motion for Review of Costs ("Court's Fee Order"). [Doc. 355].

The instant Motion for Relief followed, in which the Estate invokes Rule 59 and 60[4] of the Federal Rules of Civil Procedure and seeks relief in five areas: (1) correction of the lodestar calculation to include fees associated with the MacArthur Justice Center ("MJC") paralegal Emily Clark ("Ms. Clark") ("Issue 1"); (2) reconsideration of the Court's denial of fees associated with MJC attorney Devi M. Rao ("Ms. Rao") for failure to provide an adequate factual basis ("Issue 2"); (3) reconsideration of the Court's rate analysis for Plaintiff's counsel Spencer Bryan ("Issue 3"); (4) clarification of the application of post-judgment interest on the fee award ("Issue 4"); and (5) preservation of the issue of

[4] Although Plaintiff's Motion invokes Rule 59, it does not seek a new trial or to alter or amend a judgment that was entered on April 11, 2025. [Doc. 330]. Indeed, Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). This Court's Fee Order is separate from the entry of final judgment. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988) (observing that the determination of attorney's fees may remain pending after an order ending the litigation on the merits and does not impact the finality of judgment). Accordingly, the Court analyzes and applies only Rule 60.

prejudgment interest for appellate review ("Issue 5"). The Remaining Defendants have responded [Doc. 357], and Plaintiff has replied [Doc. 358]. Because Issue 5 is raised solely for preservation purposes, this Order focuses on Issues 1-4.

## LEGAL STANDARDS

### I. Correction of Clerical Mistakes, Oversights, or Omissions

Rule 60(a) of the Federal Rules of Civil Procedure contemplates the correction of a judgment, order, or other part of the record based on clerical mistakes, oversights, or omissions, before an appeal has been docketed, based on a party's motion or a motion of its own, with or without notice. Fed. R. Civ. P. 60(a). Such corrections are subject to the Court's discretion; "[a] clear example of an abuse of discretion is where the trial court fails even to consider either an applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 680 (10th Cir. 1989).

### II. Motions for Reconsideration

Although the Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration, *see Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995), courts often entertain such motions pursuant to Rule 60(b). *See, e.g.*, *Houck v. Kraus*, No. 15-CV-00894-KMT, 2017 WL 11426899, at *1 (D. Colo. Oct. 10, 2017); *Gale v. Uintah Cnty.*, No. 13-cv-725-RJS-DBP, 2021 WL 4553218 at *2 (D. Utah Oct. 5, 2021) (explaining the different between motions for reconsideration under Rules 54, 59(e), and 60(b)). Rule 60(b) allows parties to seek relief from the Court for an Order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such a motion does not affect the judgment's finality or suspend its operation. Fed. R. Civ. P. 60(c)(2).

## ANALYSIS

### I. Issues 1 and 4

Because the Court and all Parties agree that the Court's Fee Order inadvertently omitted Ms. Clark's fees and that post-judgment interest applies to the fee award, [Doc. 356 at 2–3, 9–10; Doc. 357 at 3, 7–8], this Court respectfully **CORRECTS** its March 31, 2026 Order to reflect the inclusion of Ms. Clark's fees, for a total aggregate lodestar award of **$1,167,056.45**. In addition, the Court **CLARIFIES** that post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding," 28 U.S.C. § 1961(a), applies to this amount from March 31, 2026. *Wheeler v. John Deere Co.*, 986 F.2d 413, 416 (10th Cir. 1993).

### II. Issue 2

Plaintiff argues that the Court should reconsider its calculation of the appropriate fees for MJC because the missing Affidavit for Ms. Rao's hours "was not a strategic omission but an inadvertent filing error." [Doc. 356 at 3]. The Remaining Defendants

object to this request, arguing that Plaintiff's carelessness does not amount to "mistake, inadvertence, surprise, or excusable neglect" as contemplated by Rule 60(b)(1). [Doc. 357 at 4].

As an initial matter, relief under Rule 60(b)(1) is "extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (citing *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)). The Rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quotation omitted). The burden of establishing that relief is warranted under Rule 60(b)(1) lies with the moving party. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983).

"[T]he 'mistake' provision . . . provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Sweet v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 831 F. App'x 874, 880 (10th Cir. 2020) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

Various panels of the Tenth Circuit have held that attorney carelessness does not generally afford a basis for relief under Rule 60(b)(1). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990). But the *Jennings* court suggested that this principle should not act as a

bright line rule. *Jennings*, 394 F.3d at 856 n.5. Thus, this Court undertakes individualized consideration of factors such as whether the moving party is acting in good faith as applied to the circumstances of this case; the reason for the inadvertence by counsel, including whether it was in the reasonable control of the moving party; the danger of prejudice to the opposing party; and the potential impact on judicial proceedings. *See id.* at 856. This Court also construes all doubts in favor of Plaintiff as the moving party. *Id.*

There is no suggestion, and this Court does not find, that Plaintiff is not acting in good faith. But there is also no explanation as to why not one of the plethora of attorneys and paralegals who represented the Estate in this case did not catch that Exhibit 1 to Ms. Rao's Affidavit was not included in the affirmative Motion, or why Ms. Rao's Affidavit was not corrected on Reply when Ms. Rao submitted a supplemental Affidavit. *See* [Doc. 356 at 3; Doc. 358 at 3–4]. Moreover, this Court is not persuaded that the Remaining Defendants would not suffer any prejudice simply because the Remaining Defendants have an opportunity to review the MJC entries and lodge any specific objections now, when the appropriate time for such review and potential objection was months ago. [*Id. at* 4].

Finally, a civil case is designed to have an orderly progression so that it may reach an ultimate conclusion. It is well-settled that a party seeking fees for hours worked must submit "meticulous, contemporaneous time records" showing "how those hours were allotted to specific tasks." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (quotation omitted). This District Court is far too busy to remind parties of their obligation to submit all evidence in the first instance to support their requests to the Court; conduct a search for missing documents; or to revisit issues already

decided, especially when a party who bears the burden has had every opportunity to submit necessary support for their position.[5] *Cf. Jennings*, 394 F.3d at 853. Weighing all of these factors, this Court respectfully concludes that Plaintiff has not met its burden to justify relief pursuant to Rule 60(b)(1) based on excusable neglect.

To the extent that Plaintiff suggests that the Court failed to draw a principled conclusion, *see* [Doc. 356 at 3] or made a substantive error of law, *see* [Doc. 358 at 4], when estimating MJC fees absent Exhibit 1 to Ms. Rao's Affidavit, this Court respectfully disagrees. Indeed, this Court painstakingly reviewed the hundreds of time entries that Plaintiff did provide, and instead of denying a fee award to MJC outright, estimated what a reasonable award fee would be given the information gleaned from its review of those hours and comparable cases. *See generally* [Doc. 355]. The Tenth Circuit has affirmed an award of zero damages when proof of damages was totally lacking. *Jennings*, 394 F.3d at 853. This Court finds no basis for relief pursuant to Rule 60(b)(1) based on a substantive mistake of law or fact by the Court.

## III. BT Law's Reasonable Rate

Finally, Plaintiff challenges this Court's determination of BT Law's reasonable rate. [Doc. 356 at 4–9]. In the original Motion for Attorneys' Fees, the Estate submitted prior

[5] It is also not clear that recalculating fees would make a material difference. Plaintiff has not done preliminary work of applying this Court's reasoning reflected in its Fees Order to Plaintiff's Exhibit A (namely, segregating out entries related to Plaintiff's cross-appeal). *Compare* [Doc. 355 at 14–16, 21] *with* [Doc. 356-1]. Nor has Plaintiff addressed this Court's conclusion that 218 hours for an interlocutory appeal on a singular, discrete issue of the denial of qualified immunity is on the high side—particularly in light of the fact that the trial attorneys are also charging fees for interlocutory appeal. [Doc. 355 at 21–22]. Rule 1 of the Federal Rules of Civil Procedure contemplates that the Court must apply the Rules to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Re-adjudicating issues due to a party's unilateral error in providing the requisite information is generally incompatible with Rule 1.

orders awarding BT Law fees and acknowledged that Oklahoma and Colorado are materially different marketplaces. [Doc. 335 at 6]. Plaintiff did not, as it does now, explain how the Oklahoma and Colorado markets differ, or how to account for such difference. *Compare* [*id.*; Doc. 335-1 at 1–8] *with* [Doc. 356 at 4–8]. The Estate instead relied upon an affidavit from Darold Killmer ("Mr. Killmer") about rates in the local market. [Doc. 335 at 6]. Mr. Killmer opined that he believed "the range of hourly rates for experienced litigation counsel in civil rights disputes such as the present case is between $400 and $750 per hour." [Doc. 335-1 at 175]. While Mr. Killmer stated that a reasonable rate for Mr. Bryan would be $650 per hour, this Court, in its exercise of its discretion in considering the comparable skill, experience, and reputation of other attorneys in the Colorado market, found that an appropriate hourly rate was $550. While the Estate argues that the instant Motion was "not intended to relitigate settled questions or challenge the Court's thoughtful exercise of discretion," [Doc. 356 at 1], Plaintiff does exactly that.

Rule 60(b)(1) "is not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 577. Here, the post-submission evidence reflects no new information with respect to a reasonable hourly rate for Mr. Bryan.[6] [Doc. 356-2;

---

[6] This Court takes judicial notice of Mr. Bryan's Declaration in support of a motion for attorneys' fees filed in *Endicott v. Park*, Case No. 21-cv-319-JAR, the verdict that is provided as post-submission evidence of an error by the Court in calculating a reasonable rate for Mr. Bryan. [Doc. 356-2]; *Endicott v. Park*, Case No. 21-cv-319-JAR, (E.D. Okla. April 2, 2026), [ECF No. 371-8]; *see* Fed .R. Evid. 201(b)(2); *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court). The *Endicott* court has not ruled on the motion for attorneys' fees. *Pl.'s Mot. for Att'y's Fees & Costs*, *Endicott,* [ECF No. 371] (motion pending).

Doc. 356-3]. The fact that the Estate disagrees with the Court's exercise of discretion in determining the reasonable rate for Mr. Bryan is an insufficient basis for relief under Rule 60(b)(1).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Relief from Order [Doc. 356] is **GRANTED in part and DENIED in part**; and

(2) The Court's March 31, 2026 Fee Order [Doc. 355] is **CORRECTED** to reflect a total fee award of **$1,167,056.45** and **CLARIFIED** that post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding," 28 U.S.C. § 1961, applies to this amount from March 31, 2026.

DATED: October 26, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge